GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Appellees

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br>Debtor. | District Court Case No.: 11-cv-00772-JCM-PAL<br><br>Bankruptcy Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE, INCORPORATED,<br>a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, III, an individual,<br>Defendant. | Bankruptcy Adversary No.: 08-1082-MKN<br><br>**APPELLEES' MOTION TO DISMISS APPEAL PURSUANT TO 28 U.S.C. § 158** |
| RICHARD BERGERON, III, an individual,<br>Counterclaimant,<br>v.<br>XYIENCE, INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Counterdefendants.<br><br>RICHARD BERGERON, III, an individual,<br>Appellant,<br>v.<br>ZYEN, LLC, a Nevada limited liability company, and FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Appellees. | |





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Fertitta Enterprises, Inc. ("Fertitta Enterprises") and Zyen, LLC ("Zyen," and together with Fertitta Enterprises, the "Appellees"), by and through their counsel, the law firm of Gordon Silver, hereby submit *Appellees' Motion to Dismiss Appeal Pursuant to 28 U.S.C. § 158* (the "Motion"). This Motion is made and based on the memorandum of points and authorities which follows, the *Appendix of Excerpts of Record in Support of Appellees' Motion to Dismiss Appeal Pursuant to 11 U.S.C. § 158* (the "Appendix") submitted concurrently herewith, and any argument presented should the Motion be set for hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**STATEMENT OF PERTINENT FACTS**

1. On July 18, 2007, Xyience Incorporated, a Nevada corporation ("Xyience"), filed its *Complaint* (the "Complaint") against Richard Bergeron, III ("Appellant") in the Eighth Judicial District Court, Clark County, Nevada (the "State Court"), being Case No. A544781 (the "Litigation"). See Appendix, Ex. 1.

2. Approximately six months later, on January 18, 2008, Xyience filed its Voluntary Petition (the "Voluntary Petition") under Chapter[1] 11, thereby commencing bankruptcy case number BK-S-08-10474-MKN (the "Xyience Bankruptcy Case"), in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). See Appendix, Ex. 2.

3. On March 20, 2008, Xyience removed the Litigation to the Bankruptcy Court, thereby commencing adversary proceeding number 08-1082-MKN (the "Adversary Proceeding"). See Appendix, Ex. 3.

4. As evidenced by even a cursory review of the adversary docket, there have been significant proceedings and motion practice in the Adversary Proceeding since its removal to Bankruptcy Court, which proceedings have not yet concluded. As the history is long and

[1] All references to "Chapter" or "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

convoluted, the following shall solely set forth the pertinent facts and motions to the above-captioned appeal (the "Appeal").

5. On January 21, 2009, Appellant filed *Defendant and Counterclaimant's Amended Motion for Rule 11 and Rule 9011 Sanctions* (the "Amended Sanctions Motion") requesting sanctions against not only the parties and the attorneys in the Litigation, but also against persons and entities who have never made an appearance, or signed or filed any pleadings or papers in the Litigation—such as Zyen, LLC, Frank Fertitta, Jr., Frank Fertitta III, Lorenzo Fertitta, Bill Bullard, Station Casinos, Zuffa Marketing, LLC, and Zuffa, LLC (the "Nonparties"). See Appendix, Ex. 4. Appellant's Amended Sanctions Motion alleges that all of the foregoing parties should be liable for sanctions for "either directly, indirectly or completely vicariously culpable [sic] for continuing, funding, instigating, and/or fraudulently orchestrating the filing and maintenance of this frivolous lawsuit against Bergeron." Id. at p. 2, ll. 19-22. Appellant's Amended Sanctions Motion seeks $150 Million in total sanctions and damages. See id. at pp. 10 and 42.

6. On February 10, 2009, Fertitta Enterprises filed its opposition to the Amended Sanctions Motion (the "Sanctions Opposition"). See Appendix, Ex. 5. The Sanctions Opposition seeks the denial of the Amended Sanctions Motion on, among other bases, the following: (i) the Amended Sanctions Motion violates Local Rule 9014(b)(2)(C) and 9014(e); (ii) a *pro se* litigant cannot recover attorney's fees and costs because a non-attorney does not "incur" fees payable to oneself within the meaning of Bankruptcy Rule 9011(c)(1)(A); (iii) consequential damages are not recoverable pursuant to a sanctions motion, nor does Bankruptcy Rule 9011 provide a basis for a cause of action to recover for tort damages; (iv) Appellant is precluded from relitigating his previously denied sanctions motion filed in March 2008; (v) as the Nonparties do not fall within the purview of Bankruptcy Rule 9011 and, as they are not parties to the Adversary Proceeding, they cannot be liable for sanctions; and (vii) Appellant's allegations of sanctionable conduct are themselves meritless. See id.

7. Through the Sanctions Opposition and pursuant to Bankruptcy Rule 9011(c)(1)(A), Fertitta Enterprises also sought an award of its attorney's fees and costs incurred



Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

in having to oppose the meritless Amended Sanctions Motion (the "Fertitta Sanctions Counterclaim"). See id.

8. On February 24, 2009, the Bankruptcy Court entered its scheduling order (the "Scheduling Order"), which ordered in relevant part as follows:

> 3. The following briefing schedule applies to the Amended Sanctions Motion as well as the Reconsideration Motion:
>
> (A) Mr. Bergeron's reply brief, if any, in support of the Amended Sanctions Motion must be served and filed no later than March 13, 2009;
>
> * * *
>
> (C) Mr. Bergeron's reply brief, if any, in support of the Reconsideration Motion must be served and filed no later than March 26, 2009.
>
> 4. Upon close of the briefing period, *both matters are deemed submitted.*

Appendix, Ex. 6 (emphasis added).

9. On May 5, 2009, which was forty days after the close of briefing and after the matters had been submitted to the Bankruptcy Court for decision pursuant to the Scheduling Order, without having sought or obtained leave of the Bankruptcy Court, Appellant filed five new affidavits (the "Affidavits") in support of his Amended Sanctions Motion, four of which were all dated prior to the time Appellant had filed his Amended Sanctions Motion. See Appendix, Exs. 7 - 11.

10. In response to such continued frivolous and harassing filings, Fertitta Enterprises filed its *Motion of Counterdefendant, Fertitta Enterprises, Inc., to Strike Affidavits Filed by Defendant/Counterclaimant, Richard Bergeron, and for Civil Contempt and Filing Bar*, seeking, in relevant part: (i) to strike the egregiously late-filed Affidavits; and (ii) seeking sanctions, including a bar on Appellant filing any further pleadings, as a result of Appellant's continuing pattern of bad faith and vexatious conduct. See Appendix, Ex. 12.

11. Approximately three weeks later, again purportedly to support his Amended Sanctions Motion, Appellant then filed *Defendant and Counterclaimant's Supplemental Brief in Advance of Status Hearing on Amended Motion for Rule 11 and 9011 Sanction; and Formal*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

*Request in Respect of Recently Submitted Affidavits* (the "Supplemental Brief"),[2] which was supported by an affidavit of Appellant (the "Supplemental Brief Affidavit"),[3] requesting that the Bankruptcy Court consider the Affidavits, as well as the "new evidence included in Bergeron's latest affidavit…." Appendix, Ex. 13.

12. On June 15, 2009, Fertitta Enterprises filed its opposition to the Supplemental Brief seeking its denial and that the Supplemental Brief Affidavit be stricken. See Appendix, Ex. 15. The opposition further explained that the Supplemental Brief "further illustrates why this Court needs to impose a filing bar on Mr. Bergeron with respect to this case and Fertitta Enterprises, as Mr. Bergeron apparently cannot help himself but to continue to pursue this frivolous litigation as against Fertitta Enterprises under a 'sanctions' theory, even when his underlying claims as against Fertitta Enterprises have been dismissed with prejudice." Id. at p. 3, ll. 5-9.

13. Although the Fertitta Sanctions Countermotion, the Amended Sanctions Motion, and the above-discussed motions relating to Appellant's parade of attempts to improperly present additional evidence before the Bankruptcy Court to purportedly support his unfounded allegations remained pending, on November 19, 2010, Appellant filed *Defendant and Counterclaimant's Motion for Leave to Amend Rule 9011 Sanctions Motion* (the "Leave to Amend Motion"). The Leave to Amend Motion seized upon and sought to exploit the Bankruptcy Court's delay in deciding Appellant's Amended Sanctions Motion with yet another request that the Bankruptcy Court grant Appellant permission to amend his previously filed, fully briefed, and submitted Amended Sanctions Motion to add and remove various parties and to present additional evidence to support his allegations. See Appendix, Exs. 16 and 17.

14. The Leave to Amend Motion was adamantly opposed by Fennemore Craig, P.C. on behalf of Fennemore Craig, P.C., its directors Laurel Davis, Esq. and John Mowbray, Esq., and its former associate, Jon Pearson, Esq.,[4] as well as Fertitta Enterprises, who emphasized that

---

[2] See Appendix, Ex. 13.

[3] See Appendix, Ex. 14.

[4]. See Appendix, Ex. 18.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Appellant's efforts to amend his Amended Sanction Motion to include Michael Levy was, at best, ill-founded, and, more accurately, entirely frivolous, as even if Appellant had any viable claim against Mr. Levy based on his conduct during the Bankruptcy Case - a point vehemently denied - the Xyience's confirmed plan exculpates Mr. Levy from any liability. See Appendix, Ex. 19, at pp. 6-7.

15. The Leave to Amend Motion came on for hearing before the Bankruptcy Court on February 10, 2011, and was denied by entry of the *Order Denying Defendant and Counterclaimant's Motion for Leave to Amend Rule 9011 Sanctions Motion* on March 4, 2011 (the "Order Denying Motion for Leave to Amend"). See Appendix, Ex. 20.

16. On March 18, 2011,[5] Appellant filed his *Notice of Appeal*, thereby commencing the instant Appeal from the Order Denying Motion for Leave to Amend. See Appendix, Ex. 21.[6]

## II.
## LEGAL ARGUMENT

### A. The Order Denying Motion For Leave To Amend Is Interlocutory.

#### 1. The Order Denying Motion for Leave to Amend is not a final order under the traditional standards of finality.

Pursuant to 28 U.S.C. § 158(a)(1), appeals may only be taken as a matter of right from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). This rule serves to prevent piecemeal litigation, conserve judicial energy, and eliminate delays caused by interlocutory appeals. See Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir. 1992). "A final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)); Slimick v. Silva (In re Slimick), 928 F.2d 304 (9th Cir. 1990) ("A disposition is final if it contains 'a *complete* act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." Id. (citations omitted); Travers v. Dragul (In re Travers), 202 B.R. 624, 625 (9th Cir.

[5] The *Notice of Appeal* was docketed on March 21, 2011.

[6] Despite filing the *Notice of Appeal* on March 18, 2011, to the best of Appellees' knowledge, Appellant has failed to order a copy of the hearing transcript from the February 10, 2011 hearing on the Leave to Amend Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

B.A.P. 1996) ("An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter. (citation omitted). To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment.").

In the present Appeal, not only did the Order Denying Motion for Leave to Amend not end the Adversary Proceeding, it did not even adjudicate the Fertitta Sanctions Countermotion, the Amended Sanctions Motion, and the above-discussed related pleadings, which remain pending in the Bankruptcy Court.[7] Thus, the Order Denying Motion for Leave to Amend unequivocally constitutes an interlocutory order from which Appellant must seek leave to appeal. See 28 U.S.C. § 158(a)(3).

**2. The greater flexibility provided to certain bankruptcy court orders is not applicable to the Order Denying Motion for Leave to Amend.**

As the complexity of the bankruptcy process does not always fit neatly within the standard definition of finality, additional flexibility is sometimes provided in the context of bankruptcy proceedings. See In re Frontier Properties, Inc., 979 F.2d at 1363. However, this "flexible finality," which focuses on whether the appealed order affects substantive rights and finally determines a discrete issue, is irrelevant where traditional finality rules adequately address the issue at hand. See Belli v. Temkin (In re Belli), 268 B.R. 851, 854 (9th Cir. B.A.P. 2001). For instance, as adversary proceedings are "merely federal civil actions under another name," they "do not ordinarily present the types of uncertainties that necessitate 'flexible finality' analysis." Id. (holding that "finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291," and therefore Fed. R. Civ. P. 54(b) controls the analysis of finality of judgments for purposes of appeal in federal civil actions,

. . .

. . .

[7] In fact, in *Defendant and Counterclaimant Richard E. Bergeron's Motion for Leave to Appeal Informa Pauperis*, Appellant acknowledges that the "yet to be heard Rule 9011 sanctions motion" is "directly related to" the appeal. See Appendix, Ex. 22, p. 25 of 60, ll. 22-23.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

including adversary proceedings).[8] Thus, where Appellant has appealed from an order entered in the Adversary Proceeding, the standard of "flexible finality" is inapplicable.

**3. Even if the flexible finality standard were applicable, the Order Denying Motion for Leave to Amend is not a final order from which an appeal may be taken without first obtaining leave of court.**

Even if the more flexible standard were applicable to this Appeal -- which it is not -- such flexible standard only authorizes an appeal from a bankruptcy order where such order: (i) "resolves and seriously affects substantive rights;" and (ii) "finally determines the discrete issue to which it is addressed." In re Frontier Properties, Inc., 979 F.2d at 1363. The Ninth Circuit has cautioned that despite the flexible standard applicable in appeals from certain orders of a bankruptcy court, traditional finality concerns still require that courts "avoid having a case make two complete trips through the appellate process." Id. (quoting In re Vylene Enters., 968 F.2d 887, 895 (9th Cir. 1992)).

Where Appellant has appealed from an order than neither resolves or seriously affects substantive rights nor finally determines any discrete issues, even under the flexible approach to finality, the Order Denying Motion for Leave to Appeal is not a final order from which an appeal may be taken as a matter of right. This is perhaps best illustrated by the fact that if Appellant were to prevail in the Appeal, the Adversary Proceeding would not be materially altered or any closer to a final resolution; rather, additional allegations would solely be added and additional persons would be subject to Appellant's harassment under the guise of seeking "sanctions" in the Adversary Proceeding.

. . .

. . .

. . .

. . .

[8] Applying Fed. R. Civ. P. 54, which is applicable to the Adversary Proceeding through Bankruptcy Rule 7054, courts have consistently held that appeals from motions seeking to amend pleadings or complaints are interlocutory. See, e.g. Bridges v. Department of Maryland State Police, 441 F.3d 197, 207 (4th Cir. 2006); Lockard v. Equifax, Inc., 163, F.3d 1259, 1266 (11th Cir. 1998); Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 650-651 (2nd Cir. 1987) (collecting cases).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

4. **<u>The United States Bankruptcy Appellate Panel of the Ninth Circuit issued a letter advising that the Order Denying Motion for Leave to Amend appears to be interlocutory.</u>**

Consistent with the foregoing analysis, on May 11, 2001, Ms. Mele Wood, a staff attorney for the United States Bankruptcy Appellate Panel of the Ninth Circuit (the "<u>BAP</u>"), transmitted a letter to this Court providing in pertinent part as follows:

> First, the order on appeal appears to be *interlocutory.*
>
> Second, as to the parties who filed the election to district court, at least one is a party to the adversary proceeding, both parties appeared at the hearing that led to the order on appeal, and both parties are part of the underlying Bankruptcy Rule 9011 motion filed by appellant, which is still pending at bankruptcy court. It is because that 9011 motion is still pending that this appeal appears to be *interlocutory.*

Appendix, Ex. 21, at p. 1 of 60 (emphasis added).

Based on the foregoing factual and legal analysis, which is supported by the BAP's independent analysis, the Order Denying Motion for Leave to Amend cannot be considered a final order from which an appeal may be taken as a matter of right pursuant to 28 U.S.C. § 158(a)(1). Thus, Appellant may only appeal from the Order Denying Motion for Leave to Amend upon the entry of an order granting Appellant leave to appeal. <u>See</u> 28 U.S.C. § 158(a)(3).

**B. <u>Leave To Appeal Is Not Warranted.</u>**

It is well-established that an appeal may not be taken from an interlocutory order without leave of court. <u>See</u> 28 U.S.C. § 158(a)(3); <u>see also</u> <u>In re Travers</u>, 202 B.R. at 626. Even had Appellant properly sought leave to appeal the Order Denying Motion for Leave to Amend[9] or

. . .

. . .

. . .

---

[9] Through *Defendant and Counterclaimant Richard E. Bergeron's Motion for Leave to Appeal Informa Pauperis*, Appellant includes the following statement "Bergeron should be allowed leave to appeal as well as leave to amend the outstanding and yet to be heard Rule 9011 sanctions motion that this appeal is directly related to." <u>See</u> Appendix, Ex. 21, at p. 25 of 60, ll. 21-23. As this is but one statement within the Appellant's five-page motion, Appellees dispute that such statement is sufficient to constitute the requisite motion for leave to appeal, particularly where such motion has not been set for hearing. Regardless, as set forth herein, there is no legal or factual basis upon which leave to appeal may be granted.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

were his *Notice of Appeal* to be deemed a motion seeking leave to appeal,[10] there is simply no legal or factual basis upon which such relief may be granted.

Courts within the Ninth Circuit have repeatedly looked to 28 U.S.C. § 1292(b)[11] for guidance in addressing interlocutory appeals and have stated that:

> [g]ranting leave is appropriate *if* the order involves a controlling question of law where there is substantial ground for difference of opinion *and* when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation.

In re Travers, 202 B.R. at 625 (citing In re Kashani, 190 B.R. 875, 882 (9th Cir. 1995) (emphasis added)); see also In re Belli, 268 B.R. at 858; The Official Committee of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corp.), 167 B.R. 176, 180 (9th Cir. B.A.P. 1994).

Leave to appeal the interlocutory Order Denying Motion for Leave to Amend is not warranted as: (i) there are *not* any controlling questions of law where there is a substantial ground for difference of opinion; (ii) refusal to hear the Appeal will *not* result in wasted litigation and expense; and (iii) the immediate appeal will *not* materially advance the ultimate termination of the Adversary Proceeding.

**1. The Order Denying Motion for Leave to Amend does not involve a controlling question of law where there is substantial ground for difference of opinion.**

The Motion for Leave to Amend did not involve any controlling questions of law where there is substantial ground for difference of opinion.[12] Rather, the Leave to Amend Motion

---

[10] Appellees acknowledge that pursuant to Bankruptcy Rule 8003(c), this Court *may* treat a notice of appeal as a motion for leave to appeal.

[11] 28 U.S.C. § 1292(b) provides in pertinent part that: "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order. The Court of Appeals which should have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order."

[12] The requisite controlling question of law where there is substantial ground for difference of opinion has been found in substantially different factual situations than the one presented to this Court. For instance, in In re Pacific Gas and Elec. Co., 280 B.R. 506, 514 (N.D. Cal. 2002), the controlling question of law requirement was met where if "PG&E's theory of express preemption is correct, the December plan [of reorganization] would be confirmable as a matter of law," thereby hastening the "resolution of PG&E's Chapter 11 case, to the benefit of creditors and debtors alike." Further, the court determined that there was conflicting legal authority and therefore, there was a

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

seized upon and sought to exploit the Bankruptcy Court's delay in deciding Appellant's Amended Sanctions Motion with yet another request that the Bankruptcy Court grant Appellant permission to amend his previously filed, fully briefed, and submitted Amended Sanctions Motion to add and remove various parties and to present additional evidence to support his allegations. See Appendix, Ex. 16. Denial of the Leave to Amend Motion therefore did not involve a controlling question of law where there is substantial ground for difference of opinion. See In re Travers, 202 B.R. at 626 (denying leave to appeal an interlocutory order because the case involved a question of whether the Bankruptcy Court abused its discretion in granting certain relief, rather than the requisite legal issue where there is substantial ground for difference of opinion).

**2. Permitting an interlocutory appeal of the Order Denying Motion for Leave to Amend would result in wasted litigation and expense, would be contrary to the interest of judicial economy, and would not materially advance the ultimate termination of the Adversary Proceeding.**

Beyond the fact that the Order Denying Motion for Leave to Amend does not implicate any controlling legal issues for which there is a substantial ground for difference of opinion, dismissing the Appeal would preclude wasted litigation and expense and promote the interest of judicial economy. Provided Appellant's history of abusive filings, it is nearly a certainty that even if Appellant is granted leave and permitted to continue this Appeal to its conclusion, upon the adjudication of the Amended Sanctions Motion, Appellant will nonetheless be revisiting these same issues on his appeal from the order adjudicating the Amended Sanctions Motion. Thus, Appellees and this Court will be required to incur double the costs, in terms of both time and expense, addressing the issues raised in this Appeal. Dismissal of this interlocutory appeal therefore promotes the interest of judicial economy, as well as precludes the needless incurrence of fees and costs addressing the issues raised by Appellant in two separate appeals. See In re Frontier Properties, Inc., 979 F.2d at 1363 (finality concerns require that courts "avoid having a case make two complete trips through the appellate process").

(continued)

"substantial difference of opinion on the controlling issue of law." Id. The foregoing situation exemplifies the limited circumstances when leave to appeal is appropriate, such as where the determination of appealed issue may dictate the confirmability of a plan of reorganization. Such facts and legal issues are not present in this Appeal.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Furthermore, granting leave to appeal the Order Denying Motion for Leave to Amend will not materially advance the ultimate termination of the Adversary Proceeding. Rather, such appeal *may* provide cause for staying the pending proceedings regarding the Amended Sanctions Motion pending the outcome of the Appeal, thereby resulting in a material delay in adjudication, which adjudication will likely result in yet another appeal by Appellant.

As the Order Denying Motion to Dismiss is clearly interlocutory and does not meet any of the above-discussed factors for granting leave to appeal an interlocutory order, this Court lacks appellate jurisdiction over this Appeal, thereby necessitating its dismissal.

## III.
## CONCLUSION

WHEREFORE, Appellees respectfully request this Court dismiss Appellant's Appeal for lack of jurisdiction pursuant to 28 U.S.C. § 158, and grant Appellees such other and further relief as is just and proper.

Dated this 27th day of June, 2011.

GORDON SILVER

By: /s/ Gregory E. Garman
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Appellees





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555