GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Appellees

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br>Debtor. | District Court Case No.: 11-cv-00772-JCM-PAL<br><br>Bankruptcy Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE, INCORPORATED,<br>a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, III, an individual,<br>Defendant. | Bankruptcy Adversary No.: 08-1082-MKN<br><br>**APPELLEES' REPLY TO OPPOSITION TO MOTIONS TO DISMISS** |
| RICHARD BERGERON, III, an individual,<br>Counterclaimant,<br>v.<br>XYIENCE, INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Counterdefendants.<br><br>RICHARD BERGERON, III, an individual,<br>Appellant,<br>v.<br>ZYEN, LLC, a Nevada limited liability company, and FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Appellees. | |

Fertitta Enterprises, Inc. ("Fertitta Enterprises") and Zyen, LLC ("Zyen," and together with Fertitta Enterprises, the "Appellees"), by and through their counsel, the law firm of Gordon Silver, hereby submit their reply (the "Reply") to the Opposition to Appellee's Motions to Dismiss (the "Opposition")[1] [ECF No. 11] in the above-captioned appeal (the "Appeal") filed by appellant, Richard E. Bergeron, III ("Appellant").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Notwithstanding twenty-one pages of discourse in opposition to Appellees' Motion to Dismiss, Appellant fails to provide a scintilla of evidence or legal authority to support his contention that the Order Denying Motion for Leave to Amend is ripe for appeal. The Opposition is, however, rife with dramatic portrayals of Appellant as a helpless victim of the alleged improprieties of Appellees and their counsel, as well as, the injustices and biases of the Bankruptcy Court. Moreover, Appellant drones on as to the merits of his Amended Sanctions Motion, which matter is not before this Court, as that matter, among others in the Adversary Proceeding, has yet to be determined by the Bankruptcy Court. As the Order Denying Motion for Leave to Amend neither provides any finality to the pending Adversary Proceeding, nor finally adjudicates the Fertitta Sanctions Countermotion or Appellant's Amended Sanctions Motion, or any other related pleadings set forth in the Motion to Dismiss, such order is interlocutory and may not be heard without leave of the court. As Appellant has impermissibly appealed an interluctory order without leave of the court, Appellees' Motion to Dismiss should be granted.

. . .

[1] Appellees note that the Opposition, characterized by Appellant as a "joint opposition to the appellee's coordinated double Motion to Dismiss in both appeals cases," improperly combines Appellant's arguments in opposition to Appellees' Motion to Dismiss (as defined herein) filed in the above-captioned case, as well as, the Motion to Dismiss Appeal for Lack of Appellate Jurisdiction filed by Zyen, and Manzen, LLC d/b/a/ Xyience ("Manzen"), as docket entry number 5, in case no. 2:11-cv-00913-GMN-LRL, which is currently pending before the Honorable Gloria M. Navarro in the U.S. District Court for the District of Nevada (the "District Court"). Notwithstanding Appellant's conflated response to the two distinct matters, Appellees herein reply solely to the arguments, to the extent they are discernable, in opposition to the issues raised in their Motion to Dismiss.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

## II.
## STATEMENT OF PERTINENT FACTS

1. On July 27, 2011, Appellees filed their Motion to Dismiss Pursuant to 28 U.S.C. § 158 (the "Motion to Dismiss")[2] [ECF No. 6], thereby seeking dismissal of the instant Appeal based on Section 158 of Title 28 of the United States Code, which restricts jurisdiction of district courts to hear appeals of interlocutory orders.

2. As set forth in more detail in the Motion to Dismiss, on March 18, 2011, the Bankruptcy Court entered the Order Denying Motion for Leave to Amend, the entry of which serves as the basis for this Appeal. See Appendix, Ex. 20.

### A. Matters That Remain Pending in the Adversary Proceeding.

3. As set forth in more detail in the Motion to Dismiss, the following matters in the Adversary Proceeding remain pending before the Bankruptcy Court:

a. The Amended Sanctions Motion.

As filed by Appellant on January 21, 2009, the Amended Sanctions Motion seeks sanctions and damages in the total amount of $150 million against not only the parties and the attorneys in the Litigation, but also against persons and entities who have never made an appearance, or signed or filed any pleadings or papers in the Litigation. See id., Ex. 4. The Amended Sanctions Motion is under submission to the Bankruptcy Court.

b. The Sanctions Opposition and Fertitta Sanctions Counterclaim.

As filed by Fertitta Enterprises on February 10, 2009, the Sanctions Opposition seeks the denial of the Amended Sanctions Motion on several bases. Through the Sanctions Opposition, Fertitta Enterprises also sought an award of its attorneys' fees in having to oppose the meritless Amended Sanctions Motion. See id., Ex. 5. The Sanctions Opposition is under submission to the Bankruptcy Court.

c. Supplemental Brief.

In or about June 2009, after the conclusion of the briefing period on the Amended Sanctions Motion, and following the submission of matters to the Bankruptcy Court for decision,

[2] All undefined, capitalized terms used herein shall have the meaning ascribed to them in the Motion to Dismiss.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Appellant filed the Supplemental Brief seeking to provide additional information in support of his Amended Sanctions Motion. On June 15, 2009, Fertitta Enterprises filed its opposition to the Supplemental Brief seeking its denial. See id., Exs. 13, 15. This matter also remains pending before the Bankruptcy Court.

**B. Prohibition Against Further Telephonic Appearances.**

4. In addition to denying Appellant's Motion for Leave to Amend in its entirety, the Order Denying Motion for Leave to Amend also expressly prohibits Appellant "from making any further telephonic appearances in the United States Bankruptcy Court for the District of Nevada." See id.

5. According to the guidelines set forth by the Bankruptcy Court (the "Telephonic Appearance Guidelines"), certain parties at the discretion of the Bankruptcy Court may be afforded the privilege of a telephonic appearance upon a showing of good cause.[3] However, the Telephonic Appearance Guidelines state that:

> If the requesting party wishes to argue a contested matter, the request must state the specific extraordinary reasons for such request. Generally, the mere fact that an attorney or party resides outside of Clark County, Nevada does not constitute sufficient cause to be permitted to appear by telephone.

See id.

6. The express prohibition of telephonic appearances by Appellant in the Bankruptcy Court, as set forth in the Order Denying Motion for Leave to Amend, follows Appellant's history of abuse litigation tactics, which include, but are not limited to the abuse of the privilege of telephonic appearances. Specifically, such abuse includes an incident whereby Appellant, through a telephonic appearance, was involved in the undisclosed, impermissible recording of an entire court hearing related to the Xyience Bankruptcy Case before the Bankruptcy Court, and its posting on the internet at the following link:

[3] See Procedure to Request a Telephonic Hearing, U.S. Bankruptcy Court, District of Nevada, *available at*: http://www.nvb.uscourts.gov/judges/procedures/court-call/.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

http://www.freewebs.com/mmalinks/mmainterviews.htm.[4] See Xyience Bankrupcy Case, ECF No. 79.

## III.
## LEGAL ARGUMENT

### A. Appellant's Opposition Provides No Factual Evidence or Legal Authority to Support His Appeal of an Interlocutory Order.

Appellant's woefully inadequate Opposition is completely devoid of any factual or legal basis to support an appeal of the Order Denying Motion for Leave to Amend. Specifically, the Opposition not only fails to address from either a factual or a legal perspective Appellees' analysis demonstrating that the Order Denying Motion for Leave to Amend is interlocutory, the Opposition further fails to provide any justification as to why Appellant has pursued the Appeal without obtaining leave from the Bankruptcy Court.

Without any legitimate opposition, the undisputed evidence regarding the pendency of the Adversary Proceeding, and its related matters, as well as the legal authority cited in Appellees' Motion Dismiss, require that the Appeal be dismissed because the Order Denying Motion for Leave to Amend constitutes an interlocutory order, which may not be appealed without leave of the court, which leave was never granted.

### B. Appellant's Opposition Should Not Provide A Forum to Argue the Merits of Matters Currently Pending Before the Bankruptcy Court.

As opposed to providing any substantive opposition to Appellees' Motion to Dismiss, Appellant improperly utilizes the Opposition to argue the merits of his pending Amended Sanctions Motion. As provided above, several matters, including the Amended Sanctions Motion, remain pending before the Bankruptcy Court, which fact provides a basis for dismissal of the Appeal. It does not provide an avenue to seek to have this Court opine on the undecided Amended Sanctions Motion. All such efforts by Appellant to seek this Court's analysis of the undecided Amended Sanctions Motion must be disregarded.

---

[4] In addition, in conjunction with Appellant's response to an order to show cause resulting from his involvement in the improper recording and dissemination of court hearings, Appellant sought the recusal of the Honorable Mike K. Nakagawa from the Xyience Bankruptcy Case and the Adversary Proceeding. Appellant's unmeritorious request for recusal was denied. See Xyience Bankruptcy Case, ECF Nos. 60, 81 & 82.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Disconcertingly, Appellant also points to Appellees' inclusion of the Amended Sanctions Motion in their Appendix to the Motion to Dismiss as a species of admission or concession by Appellees as to the validity of the claims Appellant makes in his Amended Sanctions Motion. To the contrary, Appellees adamantly deny that any of the allegations in the Amended Sanctions Motion have any validity or merit.

**C. The Prohibition Against Further Telephonic Appearances Does Not Violate Appellant's Right to Due Process, And to the Extent that It is Appealable, Is Interlocutory.**

Although Appellant's diatribe against the Bankruptcy Court for its allegedly "blatant bias" is challenging to discern, Appellant seemingly argues that such purported bias of the Bankruptcy Court, as evidenced, in part, by the express prohibition of Appellant from making any further telephonic appearances in the Bankruptcy Court, amounts to a violation of Appellant's due process rights. Not only is Appellant's argument nonsensical, his allegation of due process violation lacks any legal merit.

As set forth above, telephonic appearances are granted at the discretion of the Bankruptcy Court under informal procedural guidelines devised by the Court itself. Moreover, the Telephonic Appearance Guidelines specifically state that in the context of a contested matter, a requesting party needs to explain his "extraordinary circumstances," which would merit a telephonic appearance, as mere residence outside of Clark County, Nevada, does not constitute an extraordinary circumstance sufficient for the requesting party to be afforded a telephonic appearance in a contested matter. Thus, to the extent that Appellant argues that the continued prosecution of his contested matters in the Adversary Proceeding would require telephonic appearances due to the fact that his regular place of residence is outside the state of Nevada, such contention generally would not constitute an "extraordinary circumstances" meriting a telephonic appearance.

Thus, based on the discretion afforded the Bankruptcy Court in making determinations as to whether to extend the privilege of telephonic appearances, and further, in light of Appellant's abusive litigation tactics, including but not limited to, abuse of his telephonic appearance privilege in taping one of the hearings before the Bankruptcy Court, and posting it on the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

internet, the Bankruptcy Court's decision to prohibit Appellant from further telephonic appearance certainly does not violate his due process rights, but rather reflects a reasonable exercise of its discretion. Moreover, to the extent that the prohibition on Appellant's telephonic appearance is appealable, it is unquestionably interlocutory.

Based on the undisputed evidence before this Court and binding precedent, the Order Denying Motion to Dismiss is unquestionably interlocutory and does not meet any of the factors for granting leave to appeal an interlocutory order. As such, this Court lacks appellate jurisdiction over this Appeal, thereby necessitating its dismissal.

## IV.
## CONCLUSION

WHEREFORE, Appellees respectfully request this Court dismiss Appellant's Appeal for lack of jurisdiction pursuant to 28 U.S.C. § 158, and grant Appellees such other and further relief as is just and proper.

Dated this 19th day of July, 2011.

GORDON SILVER

By: /s/ Gregory E. Garman
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Appellees